FILED

April 22, 2026

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
By:_____DT_____
Deputy

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> **MARIA ILIAN UGARTE,** <br><br> Defendant. | § § § § § § § § § § § § § § § § § § | **Case No: EP:26-CR-01029-LS** <br><br> **S E A L E D** <br> **I N D I C T M E N T** <br><br> **CT 1:** 21:846 & 841(a)(1)-Conspiracy to Possess a Controlled Substance with Intent to Distribute; <br> **CT 2:** 21:841(a)(1)-Possession with Intent to Distribute a Controlled Substance; <br> **CT 3:** 21:846 & 841(a)(1)-Conspiracy to Possess a Controlled Substance with Intent to Distribute; and <br> **CT 4:** 31:5332 & 18:2 - Bulk Cash Smuggling, Aiding and Abetting. <br><br> *Notice of Government's Demand for Forfeiture* |

THE GRAND JURY CHARGES:

## COUNT ONE

Beginning on or about November 1, 2021, and continuing through and including on or about April 22, 2026, in the Western District of Texas, Defendant,

**MARIA ILIAN UGARTE,**

knowingly, intentionally, and unlawfully conspired, combined, confederated, and agreed with others to the Grand Jury known and unknown, to commit offenses against the United States, in violation of Title 21, United States Code, Section 846, that is to say, they conspired to possess a controlled substance, which offense involved a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide (otherwise known as fentanyl), a Schedule II Controlled Substance, with intent to distribute same, contrary to Title 21, United States Code, Section 841(a)(1) and the quantity of the mixture or substance containing a detectable amount of fentanyl involved in the conspiracy and attributable to the Defendant as a

result of the Defendant's own conduct and as a result of the conduct of other conspirators reasonably foreseeable to the Defendant is 400 grams or more, all in violation of Title 21, United States Code, Sections 846, 841(a)(1) and 841(b)(1)(A)(vi).

## COUNT TWO

That on or about November 18, 2021, in the Western District of Texas, Defendant,

### MARIA ILIAN UGARTE,

did knowingly and intentionally possess with intent to distribute a controlled substance, which offense involved 400 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide (otherwise known as fentanyl), a Schedule II Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(vi).

## COUNT THREE

Beginning on or about November 1, 2021, and continuing through and including on or about April 22, 2026, in the Western District of Texas, Defendant,

### MARIA ILIAN UGARTE,

knowingly, intentionally, and unlawfully conspired, combined, confederated, and agreed, with others to the Grand Jury known and unknown, to commit an offense against the United States, in violation of Title 21, United States Code, Section 846, that is to say, the Defendant conspired to possess a controlled substance, which offense involved cocaine, a Schedule II Controlled Substance, with intent to distribute same, in violation of Title 21, United States Code, Sections 841(a)(1) and the quantity of the mixture or substance containing cocaine involved in the conspiracy and attributable to Defendant as a result of Defendant's own conduct and as a result of the conduct of other conspirators reasonably foreseeable to Defendant is 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine, all in violation of Title 21, United

States Code, Sections 846, 841(a)(1) and 841(b)(1)(A)(ii).

## COUNT FOUR

On or about November 8, 2025, in the Western District of Texas, Defendant,

## MARIA ILIAN UGARTE,

did knowingly aid and abet the concealment of more than $10,000 in currency and other monetary instruments by a person and in a conveyance, with the intent to evade a currency reporting requirement under Title 31, United States Code, Section 5316, did aid and abet the transport and attempt to transport such currency and monetary instruments from a place inside the United States to a place outside the United States, that is the Republic of Mexico, in violation of Title 31, United States Code, Section 5332(a)(1) and (b), and Title 18, United States Code, Section 2.

### NOTICE OF GOVERNMENT'S DEMAND FOR FORFEITURE
[*See* Fed. R. Crim. P. 32.2]

### I.
### Drug Violation and Forfeiture Statutes
[Title 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A)(ii) and (b)(1)(A)(vi),
subject to forfeiture pursuant to Title 21 U.S.C. § 853(a)(1) and (2)]

As a result of the criminal violations set forth above, the United States gives notice to Defendant **MARIA ILIAN UGARTE** of its intent to seek the forfeiture of certain property upon conviction pursuant to Fed. R. Crim. P. 32.2 and Title 21 U.S.C. § 853(a)(1) and (2), which states:

Title 21 U.S.C. § 853.   Criminal Forfeitures
(a) Property subject to criminal forfeiture
    * * *
(1) any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation;
(2) any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

### II.
### Bulk Cash Smuggling Violation and Forfeiture Statutes
[Title 31 U.S.C. § 5332(a)(1) and (b), subject to
forfeiture pursuant to Title 31 U.S.C. § 5332(b)(2)]

3

As a result of the criminal violation set forth above, the United States gives notice to Defendant **MARIA ILIAN UGARTE** of its intent to seek the forfeiture of certain property upon conviction pursuant to Fed. R. Crim. P. 32.2 and Title 31 U.S.C. § 5332(b)(2), which states:

**Title 31 U.S.C. § 5332. Bulk Cash Smuggling into or out of the United States**

> **(b) Penalty.—**
> \* \* \*
> **(2) Forfeiture.—** In addition, the court, in imposing sentence under paragraph (1), shall order that the defendant forfeit to the United States, any property, real or personal, involved in the offense, and any property traceable to such property.

This Notice of Demand for Forfeiture includes but is not limited to the money judgment described below in Paragraph III.

### III.
### Money Judgment

A sum of money that represents the amount of proceeds obtained by the Defendant, directly or indirectly, as a result of the offenses set forth above, and the value of property used to facilitate, or intended to be used to facilitate the commission of the offense, for which Defendant **MARIA ILIAN UGARTE** is solely liable.

### Substitute Assets

If any of the above listed forfeitable property, as a result of any act or omission of the Defendant:

> a. cannot be located upon the exercise of due diligence;
> b. has been transferred or sold to, or deposited with, a third person;
> c. has been placed beyond the jurisdiction of the Court;
> d. has been substantially diminished in value; or
> e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States to seek forfeiture, pursuant to Title 21 U.S.C. § 853(p), as

incorporated by Title 28 U.S.C. § 2461(c), of any other property of said Defendant up to the value of the forfeitable property.

A TRUE BILL.

███████████████████████████

FOREPERSON OF THE GRAND JURY

JUSTIN R. SIMMONS
UNITED STATES ATTORNEY

BY:_____
          Assistant U.S. Attorney

5